Randall A. Peterman, ISB No. 1944
James L. Martin, ISB No. 4226
MOFFATT, THOMAS, BARRETT, ROCK &
 FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
rap@moffatt.com
jlm@moffatt.com
19-591

Ford Elsaesser, ISB No. 2205
Bruce A. Anderson, ISB No. 3392
Barry McHugh, ISB No. 3439
ELSAESSER JARZABEK ANDERSON
 MARKS ELLIOTT & MCHUGH, CHARTERED
Third & Lake Streets, Second Floor
Post Office Box 1049
Sandpoint, Idaho  83864
Telephone  (208) 263-8517
Facsimile  (208) 263-0759

Attorneys for Defendants/Counterclaimants Washington
Capital Joint Master Trust, Washington Capital Management,
Inc. and BNY Western Trust Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOISE TOWER ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON CAPITAL JOINT MASTER TRUST MORTGAGE INCOME FUND, et al.,<br><br>Defendants. | Civil No. 03-141-S-MHW<br><br>**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184)** |

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 1**   BOI_MT2:622108.1

#### I.     INTRODUCTION

On December 13, 2005, BTA filed its first Motion for Partial Summary Judgment (CR 184) ("First PSJ Motion"), seeking interpretation as a matter of law of one sentence in the Loan Commitment.  On June 22, 2006, the Court issued its order regarding BTA's First PSJ Motion.  On July 6, 2006—nearly three months after its dispositive motion deadline of April 15, 2006 (*see* CR 183 and 219)—BTA filed a successive <u>Second</u> Motion for Partial Summary Judgment (CR 249) ("Second PSJ Motion") without seeking leave from the Court.  BTA argues in its Second PSJ Motion that Washington Capital Joint Master Trust and Washington Capital Management, Inc. (collectively "WCM") breached its Loan Commitment resulting in a repudiation, which therefore excused BTA's performance of the conditions of closing set forth in the Loan Commitment.  A review of BTA's Second PSJ Motion reveals that BTA continues to seek the piecemeal partial adjudication of various issues presented in this action.

BTA's attempt to seek another partial adjudication of sub-issues within its claim for breach of contract must be denied for four independent reasons.  First, there is no basis for the Court to consider BTA's successive partial summary judgment motion because the motion is not based on an intervening change in controlling law, an expanded record, or the need to correct a clear error.  BTA cannot establish any principled reason why it waited almost seven months to bring a second motion for partial summary judgment.  Second, BTA's counsel made judicial admissions during the March 13, 2006 hearing on BTA's <u>First</u> PSJ Motion that render BTA's successive motion futile.  Third, BTA filed its successive motion after the expiration of its April 15, 2006, dispositive motion deadline without leave from the Court and, therefore, the motion is untimely.  Fourth, BTA's successive motion violates the express terms of this Court'

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 2**   BOI_MT2:622108.1

Scheduling Order and violates the Court's stated policy of accepting only *one* dispositive motion. For each of these reasons, BTA's Second PSJ Motion must be stricken.

## II.     ARGUMENT

### A.     BTA's Second PSJ Motion Must Be Stricken Because BTA Does Not Raise Any Arguments that It Could Not Have Raised in Its First PSJ Motion.

Although the Ninth Circuit has held that successive motions for summary judgment on a single issue are not categorically barred, numerous federal courts have viewed such motions with disfavor and have concluded that the allowance of a successive motion is within the Court's discretion.[1] *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995), *cert. denied*, 529 U.S. 1075 (2000); *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001); *Divane v. Krull Electric Co.*, 2002 WL 31844987 *1 (N.D. Ill. Dec. 18, 2002); *Blistex, Inc. v. Circle Labs., Inc.*, 2001 WL 388884 *1 (N.D. Ill. April 12, 2001). As the Fifth Circuit Court of Appeals stated long ago, the federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment *because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised*." *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (emphasis added); *see, e.g.*, *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (citing *Allstate* with approval and denying to exercise court's discretion to

---

[1] In *Knox v. Southwest Airlines*, 124 F.3d 1103 (9th Cir. 1997), the Ninth Circuit "reject[ed the] contention that successive motions for summary judgment *on qualified immunity* are impermissible." *Id.* at 1106 (emphasis added). Notably, in *Knox*, the Ninth Circuit held that successive motions for summary judgment are not categorically barred, but did not define the specific circumstances that would warrant the consideration of a successive summary judgment motion. Additionally, the *Knox* decision arose in the unique context of an order denying a motion for partial summary judgment on the issue of qualified immunity. *Id.*

review a successive summary judgment motion because no new facts or arguments were raised in the second motion that could not have been raised on the first motion for summary judgment).

The courts considering whether to allow a successive motion for summary judgment have done so in light of the following circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).[2]

BTA's Second PSJ Motion is not based upon an intervening change in the controlling law. Indeed, the most recent authority upon which BTA relies is over fifteen years old. *See* CR 250 at 8, *citing Turner v. Gunderson*, 60 Wash. App. 696, 807 P.2d 370 (1991). Moreover, BTA filed its Second PSJ Motion less than two weeks after the Court ruled on BTA's First PSJ Motion. Accordingly, having received the very relief that it requested in its first motion, there exists no need for BTA seek additional relief to correct a clear error or prevent manifest injustice.

BTA's Second PSJ Motion is also not based upon the availability of new evidence or an expanded factual record. In its prior submissions, BTA has reminded the Court that: "**All fact discovery** (with the exception of one partially completed deposition which was completed

---

[2] Numerous federal courts are in accord. *See Garvin v. Wheeler*, 304 F.3d 628, 632 (7th Cir. 2002); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) (permitting successive motion based on expanded factual record); *Shearer v. Homestake Mining Co.*, 727 F.2d 707, 709 (8th Cir. 1984) (permitting a successive motion for summary judgment "based upon substantial discovery of facts not before the court at the time of the first motion."); *Kirby v. P.R. Mallory & Co.*, 489 F.2d 904, 913 (7th Cir. 1973) (stating that successive motion for summary judgment allowed based upon an expanded record); *Enlow v. Tishomingo County*, 962 F.2d 501, 506 (5th Cir. 1992) (explaining that "[s]uccessive motions for summary judgment, however, are not always aberrational" and allowing successive motion based upon new evidence).

by telephone in April) **was completed in November 2005**." CR 232 at 4 (emphasis added). Thus, at the time that BTA filed its First PSJ Motion in December 2005, all fact discovery necessary to BTA's motion was completed. The only deposition left to complete was the continued deposition of Paul Campbell.³ In addition, the most recent deposition testimony upon which BTA's second motion relies or cites is the November 17, 2005 deposition of Chuck Rauch, taken nearly eight months before the filing of BTA's Second PSJ Motion. Accordingly, between the time that BTA filed its first and second partial summary judgment motions, there was no expansion of the factual record or discovery of new evidence relevant to these motions. Thus, there is no reason why BTA could not have made the same breach of contract and anticipatory repudiation arguments in its First PSJ Motion. These arguments should have been made in BTA's first motion and having failed to assert these arguments, BTA should be precluded from doing so some seven months after filing its first motion. *See Siemens*, 219 F.R.D. at 554.

In exercising its discretion, the Court must also consider that addressing BTA's Second PSJ Motion will not dispose of the entire case. *Id.* ("The Court considers it more economical to address the remaining issues in this litigation all at once, rather than invite a round of briefing on [a] narrow issue, especially because it appears to be contested on the merits."). Like its First PSJ Motion on its breach of contract claim, BTA's Second PSJ Motion on this same claim will not dispose of this entire claim, let alone the entire case. Specifically, BTA's second motion is focused on whether WCM breached its Loan Commitment, but does not address a number of remaining issues, including causation, BTA's damages, as well as BTA's

---

³ Notably, in its Second PSJ Motion, BTA does not even rely upon or cite testimony from Campbell's deposition. *See* CR 186 and 252.

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 5**   BOI_MT2:622108.1

other claims for fraud, tortious interference with contract, and breach of the implied covenant of good faith and fair dealing. Additionally, in its June 22, 2006 Order, the Court recognized that factual issues exist regarding whether WCM breached the loan commitment, stating:

> For example, questions still exist at which point in time Mortenson decided not to use any directly hired work force, assuming they made that decision, and how it would relate to the various deadlines granted by Washington Capital for expiration of the loan commitment. Also, whether Mortenson's decision not to use a directly hired work force was ever communicated to Washington Capital. Also questions of fact exist whether Mortenson considered using, for certain phases of the project, a directly hired work force and was therefore exploring different types of union agreements that might be suitable for this project only, but was instructed by BTA not to negotiate with any union while it explored Opus financing. These issues, along with others, remain outstanding.

CR 248 at 33. Accordingly, an adjudication of BTA's Second PSJ Motion will not obviate the need for a trial in this case.[4]

### B. BTA is Estopped from Bringing Its Second PSJ Motion Based on Its Counsel's Prior Judicial Admissions.

When BTA filed its First PSJ Motion, it was unclear why BTA only sought interpretation as a matter of law of one sentence in the Loan Commitment. At the hearing on BTA's <u>First</u> PSJ Motion on March 13, 2006, the Court expressed its concerns regarding this motion and whether it met the purpose of Rule 56 and inquired of BTA's counsel as follows:

> THE COURT: . . . So where does this partial summary judgment on this issue help narrow the issues which is one of the purposes of Rule 56?
>
> \*       \*       \*
>
> MR. BURKE: I think it does help narrow the issues. ***In fact, when we started out on this motion, we had a broader scope. The***

---

[4] It should be noted that the Defendants' have filed cross motions for summary judgment on all claims asserted by BTA.

> *scope was going to be this is the interpretation but beyond that, they <u>breached the contract</u>.  After looking at that long and hard, we decided that the <u>breach of the contract issue probably would still raise questions of fact</u> that would needed to be decided by the -*
>
> COURT:  That's got the Opus arguments and -
>
> MR. BURKE:  Opus or whether there was a modification.  That may be an issue too.  Whether there was a cause.  ***<u>All that is something that we felt that we couldn't just in good faith come in front of this Court and say we want summary judgment on that too.</u>***  But that's obviously where we're going.  That will be raised as an issue of fact but it's not an issue in this summary judgment motion and so I mean it's a good point that you raise here.  I mean this is not just brought out of the blue.  I mean we definitely are going to pursue this and say that they breached the contract.  They repudiated.  But again, those are issues that are outside the scope of the motion and we'e prepared to put on that evidence at a later time.

*See* Ex. A, Partial Hearing Tr. at 7:6 – 8:6 (emphasis added).

BTA's counsel's admitted that BTA considered bringing a broader summary judgment motion to include the very breach of contract and repudiation arguments it now raises in this <u>second</u> motion, but could not do so in "good faith" because it recognized the existence of genuine issues of material fact.  First, the admission confirms that BTA's <u>Second</u> PSJ Motion is futile in light of the admitted genuine fact issues that exist related to this breach of contract claim and in light of the additional genuine fact issues this Court identified in its June 22, 2006 Order.  Second, as it relates to the current motion to strike, the admission also confirms that BTA considered raising the repudiation/breach arguments in its First PSJ Motion, but made the decision that it could not do so in "good faith" given the existing issues of material fact.  Thus, having previously considered and rejected for strategic reasons the inclusion of its repudiation/breach arguments in its First PSJ Motion, BTA cannot claim that this very same argument brought in its *Second* PSJ Motion is somehow new or based on the availability of an

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 7**    BOI_MT2:622108.1

expanded factual record.  Third, the admission undermines BTA's claim in its memorandum supporting its Second PSJ Motion that, "[b]ecause BTA's previous motion was limited in scope, certain facts were not submitted with its last motion."  CR 250 at 3.  As BTA's counsel made clear at the March 13, 2006 hearing, BTA did not submit the purported "certain facts" with its first motion because of admitted issues of material fact as to WCM's alleged breach of the Loan Commitment issue, not because the "scope" of its previous motion was somehow "limited."

In light of the prior representations that BTA's counsel has made to this Court, BTA is estopped from bringing this Second PSJ Motion on the very grounds and bases that it told this Court it would not be raising in a summary judgment motion.[5]  Therefore, WCM requests the Court to exercise its discretion in favor of striking BTA's successive motion for partial summary judgment and supporting papers.  Striking the successive motion is particularly warranted where: (1) BTA's counsel has admitted on the record that factual issues exist on very issue for which it seeks another partial adjudication, i.e., WCM's alleged breach and repudiation, and the Court has identified additional factual issues in its June 22, 2006 Order; and (2) BTA considered moving for such relief, but waited to do so in a successive partial summary judgment motion after it obtained a favorable ruling on its First PSJ Motion.

---

[5] *See United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir. 1986) (attorney's statement during oral argument constitutes judicial admission), *cert. denied*, 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987); *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (absent egregious circumstances, parties are generally bound by admission of attorney); 9 JOHN HENRY WIGMORE, EVIDENCE §§ 2588, 2594 (James H. Chadbourn rev., 1981) (oral judicial admission is binding). A judicial admission is binding before both the trial and appellate courts. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

### C. BTA's Second PSJ Motion Must Be Stricken Because It Was Filed After BTA's Dispositive Motion Deadline.

BTA's Second PSJ Motion must also be stricken because it was filed after BTA's April 15, 2006, dispositive motion deadline, in violation of the controlling Scheduling Order. On March 1, 2006, the Court extended the dispositive motion deadline for all the parties to April 15, 2006. *See* CR 183 and 219. This was the last extension of the dispositive motion deadline that BTA has received. At no time after filing its First PSJ Motion in December 2005, has BTA indicated to defense counsel or the Court that BTA intended to file a Second PSJ Motion, nor has BTA petitioned the Court for relief from its deadline. Under Rule 16(b), the Court's scheduling order may be modified upon a showing of "good cause." However, when a party does not seek appropriate relief from the Court *before* the expiration of its deadline, the court may, "upon motion made after the expiration of the specified period[,] permit the act to be done where the failure to act was the result of excusable neglect . . . ." FED. R. CIV. P. 6(b). The United States Supreme Court has stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392 (1993). As demonstrated above, there is no good cause in this record to extend BTA's deadline to allow the filing of a successive motion for partial summary judgment, let alone "excusable neglect" to warrant the successive filing.

Moreover, if BTA were to seek to amend the Scheduling Order at this time, the "existence or degree of prejudice to [WCM] might supply additional reasons to deny [such] a motion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). WCM is entitled to rely on BTA's compliance with the deadlines set forth in the Court's Scheduling Order. This is especially true given the complexity of this case. BTA's decision to withhold its repudiation/breach arguments from its First PSJ Motion, only to spring those arguments later

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 9**   BOI_MT2:622108.1

requires WCM to chase a moving target while simultaneously formulating *its own* theories and defenses. Accordingly, BTA's attempts to litigate this case on its own timetable prejudices WCM's ability to effectively defend BTA's claims.

BTA may argue that the Court's extension of Defendants' dispositive motion deadline in its Order approving the Sixth Stipulation to Amend Case Management Deadlines (CR 227) applies with equal force to BTA. This argument is without merit. At the time the parties entered into the Sixth Stipulation to Amend Case Management Deadlines (CR 225), BTA had already filed its summary judgment motion and did not indicate an intent to file a second motion. Moreover, the text of the Sixth Stipulation to Amend Case Management Deadlines—signed by counsel for BTA—clearly indicates that the extension of the dispositive motion deadline applies to Defendants only. *See* CR 225 at 3 ("WHEREAS, in preparing the ***Defendants'*** respective summary judgment motions . . ."; "THEREFORE, it is hereby stipulated . . . [t]hat the ***Defendants' deadline*** for filing of their respective motions for summary judgment shall be extended from April 15, 2006 until June 9, 2006."). The Court's Order granting the stipulation reflects an extension of only *Defendants'* dispositive motion deadline, stating "1. That the ***Defendants' deadline*** for filing of their respective motions for summary judgment shall be extended from April 15, 2006 until June 9, 2006. . . ." CR 227 at 1 (emphasis added).

Even if the Court's approval of the Sixth Stipulation to Amend Case Management Deadlines applied equally to BTA, which it clearly does not, there can be no dispute that BTA failed to seek a further extension of that extended June 9, 2006 dispositive motion deadline. Specifically, on June 2, 2006, <u>Defendants</u> filed a motion for extension of time to file their summary judgment motions (CR 239) in order to first obtain the Court's ruling on the choice of

**WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S
SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184) - 10**  BOI_MT2:622108.1

law issue and BTA neither opposed, nor joined in Defendants' requested relief.  On June 6, 2006, the Court granted defendants' requested relief, ordering:

> 1.  That ***defendants' deadline*** for filing of their respective motions for summary judgment shall be extended fourteen (14) business days from the date the Court issues its order on plaintiff's Motion for Leave to File a Claim for Punitive Damages (CR 173) and Motion for Partial Summary Judgment (CR 184).

CR 244 at 1 (emphasis added).  Notably, the last extension of the dispositive motion deadline—like several preceding extensions—applied to Defendants only.

A review of the foregoing clearly establishes that BTA's last extension of the dispositive motion deadline was to April 15, 2006.  Since that time, the Court's subsequent extensions have applied to the Defendants only based on the good cause established by the Defendants for these requested extensions.  Therefore, on July 7, 2006, BTA filed its Second PSJ Motion without leave from its April 15, 2006, deadline, in violation of the Court's Scheduling Order.  BTA's successive summary judgment motion must be stricken for this additional reason.

### D. BTA's Second PSJ Motion Violates the Court's Scheduling Order.

In its initial Scheduling Order (CR 116) entered on August 17, 2004, the Court notified the parties in advance of its policy on the parties' filing of dispositive motions.  Specifically, after setting forth the deadline for filing dispositive motions, the Court stated in a footnote:

> It should noted that it is this Court's policy to accept only ***one (1) dispositive motion*** per party or parties represented in common.  IF it becomes necessary, due to the complexity or numerosity of issues presented by some cases, and counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate dispositive motions for each issue counsel wishes to broach in an effort to avoid the twenty-page limit.  ***The Court prefers reviewing one*** over-length brief in support, ***one*** over-length brief in response,

> and ***one*** ten-page reply brief, if any, rather than the panoply of briefs that is generated when more than ***one*** dispositive motion is filed.

CR 116 at 2 (emphasis added). In filing its successive partial summary judgment motion without first seeking leave to do so, BTA has also directly violated the Court's Scheduling Order. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (citation omitted). Accordingly, BTA's Second PSJ Motion must be stricken in light of its failure to abide the Court' Scheduling Order, which prohibits the filing of multiple partial summary judgment motions.

### III.    CONCLUSION

For the foregoing reasons, WCM respectfully requests this Court to strike BTA's successive <u>Second</u> PSJ Motion (CR 249) filed on July 7, 2006.

DATED this 11th day of August, 2006.

> ELSAESSER JARZABEK ANDERSON MARKS
> ELLIOTT & MCHUGH, CHARTERED
>
> MOFFATT, THOMAS, BARRETT, ROCK &
> FIELDS, CHARTERED
>
> By_____
> James L. Martin – Of the Firm
> Attorneys for Defendants/Counterclaimants
> Washington Capital Joint Master Trust,
> Washington Capital Management, Inc.,
> and BNY Western Trust Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2006, I caused a true and correct copy of the foregoing **WCM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BOISE TOWER'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (CR 184)** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Eric S. Rossman<br>Erica S. Phillips<br>ROSSMAN LAW GROUP, PLLC<br>737 North 7th Street<br>Boise, Idaho 83702 | Alan Herzfeld<br>James Piotrowski<br>HERZFELD & PIOTROWSKI, LLP<br>713 West Franklin<br>Post Office Box 2864<br>Boise, Idaho 83701-2864 |
| Richard H. Greener<br>Christopher C. Burke<br>Jon T. Simmons<br>GREENER, BANDUCCI, SHOEMAKER, P.A.<br>The Carnegie Building<br>815 West Washington Street<br>Boise, Idaho 83702 | Richard H. Robblee<br>RINEHART & ROBBLEE, P.L.L.P.<br>1100 Olive Way, Suite 1620<br>Seattle, Washington 98101 |

James L. Martin